## LEMON *v.* PULLMAN PALACE CAR CO.

*(Circuit Court, S. D. Mississippi. May 6, 1887.)*

1. SLEEPING CAR COMPANY—NOT COMMON CARRIER.

A sleeping car company is not a common carrier. Its cars are under the control of the railroad company, except as to furnishing lodging to those who may pay for it, and the agents of the railroad company are entitled to determine who shall occupy the sleeping cars, as part of the train.

2. SAME—LIABILITY FOR REFUSING BERTH—AGENTS.

A passenger agent who was engaged in selling tickets, both for railroad fare and for sleeping car berths, refused to sell a sleeping car berth to a passenger, on the ground that the latter had not a first-class ticket. *Held* that, in determining that the ticket was not first class, the agent acted as the agent of the railroad company, and the car company was not responsible therefor; and that, having so determined, he was justified in refusing to sell a berth ticket.

3. SAME—PUNITIVE DAMAGES.

Conceding, however, that he acted as the agent of the sleeping car company, the latter would not be liable for punitive damages, unless the passenger was treated insultingly or with malice.

At Law. Action by George Lemon against the Pullman Palace Car Company to recover damages for refusal to sell him a sleeping car berth. Verdict for defendant.

*E. E. Baldwin*, for plaintiff.

*Percy Roberts*, for defendant.

HILL, District Judge, (*orally charging jury.*) This is an action for damages alleged to have been sustained by reason of the refusal of the defendant car company to sell the plaintiff a berth in their sleeping car from Chicago, Ill., to Jackson, Miss. The plaintiff also alleges that the agent of the defendant was very rough and rude to him. To these charges the defendant pleaded not guilty, which makes it incumbent upon the plaintiff to sustain the allegations contained in his declaration. Whether they have done that or not is for you to determine from the evidence. I will instruct you that the Pullman Palace Car Company is not a common carrier. The Illinois Central Railroad is a common carrier, and receives, as a part of its train, the cars belonging to the Pullman Palace Car Company, the same forming part of its train, and being under its control, except so far as providing lodging in the Pullman car for the accommodation of those who may pay for it. Its agents also have the right to determine who shall occupy the Pullman car as part of its train. It is to keep and provide cars sufficient for the accommodation of its passengers. The providing of lodging for the passengers belongs alone to the Pullman Car Company as a mere lodger.

The charge here is that the agent of the Palace Car Company was also the agent of the Illinois Central Railroad Company, and sold sleeping car tickets as well as tickets for transportation. It was the privilege of the railroad company, by its agents, to determine who should occupy seats on its trains, and that included the Pullman car, and to determine whether a party had paid the proper amount, and was entitled to travel on the train to which it was attached. Thus the agent was then in a dual capacity, as acting for the railroad and for the car company at the same time. It was not the privilege of the agent of the car company to sell a berth to any party unless he had a first-class ticket on the railroad, or a ticket which entitled him to travel in the Pullman car or in a first-class car. The agent who sold the tickets had to determine whether or not he had such a railroad ticket as would entitle him to ride in the first-class car. In deciding that question, I am of the opinion that he acted as the agent of the railroad company, because that question had to be passed upon before he could sell him a sleeping berth. It is difficult, however, to divide these two duties, but I am of opinion, under the proof, that he acted as the agent of the railroad company. When the agent decided that the plaintiff here did not have such a ticket as entitled him to ride in a first-class car, then he was justified in not selling him a sleeping car ticket. He was then the agent for the Illinois Central Railroad Company, and the defendant here is not responsible for his acts. Admitting, however, that he was the agent of the Pullman Palace Car Company, and he acted in good faith

in passing upon the question as to whether the party was entitled to it, the plaintiff would only be entitled to actual, and not to punitive, damages, unless he was rudely treated by the agent; that is, if he was treated insultingly, or with malice, or something of the kind; willful, wanton conduct on his part. If the plaintiff did not have a transferable ticket, the agent had a right to so determine. A nontransferable ticket is sold at a reduced rate, and the party to whom it is given is alone permitted to travel on it, and, if he then sell it, it would deprive the railroad company of their additional profit.

Now, 1 do not know that I can say much more to you. You have the case before you, and, unless you are satisfied that the defendant was the agent who passed upon the railroad ticket that was presented, —and as I have instructed you that he was not the agent in passing upon that,—then the plaintiff would not be entitled to recover, unless it was for the conduct of the conductor of the train in refusing plaintiff a berth, and I believe there is no complaint upon that score. You can retire.

Verdict returned and judgment rendered for the defendant company.